UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-cv-61794-LEIBOWITZ

SOURCE ONE FINANCIAL
SERVICES, LLC, *et al.*,

    *Plaintiff,*

v.

KELLY CORPODIAN, and NEWCOAST
FINANCIAL SERVICES, LLC,

    *Defendants.*
_____/

## ORDER

THIS CAUSE comes before the Court on Defendant Newcoast Financial Services, LLC's ("Newcoast") Renewed Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, to Compel Plaintiffs to Provide a More Definite Statement (the "Motion"), filed on May 17, 2024. [Mot., ECF No. 52]. Plaintiffs have responded to the Motion [Resp., ECF No. 54], and Newcoast has replied [Rply., ECF No. 56]. Defendant Kelly Corpodian ("Corpodian") previously filed an Answer [ECF No. 34] and did not join in the Motion. Being fully advised, the Motion [**ECF No. 52**] is **GRANTED**.

    **I.**    **BACKGROUND**

Plaintiffs Source One Financial Services, LLC, Intercoastal Financial Group, LLC, and Epic Finance, LLC (collectively, "Plaintiffs") are companies involved in the "business of retail and floorplan financing in the marine and RV industries." [*See* Compl., ECF No. 1 ¶ 10]. Plaintiffs develop "confidential, proprietary, and trade secret information," including customer lists, financial products, and internal operational processes. [*Id.* ¶ 11]. Plaintiffs aim to safeguard this

information through secure computer systems and by restricting access to certain employees.  [*Id.* ¶ 12].

On March 10, 2022, Plaintiffs hired Defendant Kelly Corpodian ("Corpodian") as Vice President of Sales in Florida.  [*Id.* ¶ 13].  Plaintiffs allege Corpodian became disruptive to other employees by proposing deals with potential customers that "stretched beyond Plaintiffs' parameters," and creating "friction" with colleagues.  [*Id.* ¶ 16].  Plaintiffs decided to terminate her from employment in December 2022.  [*Id.*].  However, before Corpodian's termination, she "inadvertently was included in an email chain that referenced the decision to terminate her in the same timeframe."  [*Id.* ¶¶ 16–17].

On December 30, 2022, before her dismissal, but after receiving inadvertent notification of her impending termination, Corpodian accessed and downloaded Plaintiffs' confidential, proprietary, and trade secret information and emailed this information to her personal email account.  [*Id.* ¶ 24].  This data included dealer directories, internal policies, and financial models, which Plaintiffs contend could confer a competitive advantage to their direct competitor, Newcoast, where Corpodian was later employed.  [*Id.* ¶¶ 19, 33].  Beyond this, the Complaint alleges little else against Newcoast.  [*See generally id.*].  Corpodian's employment was officially terminated on January 3, 2023.  [*Id.* ¶ 18].

Plaintiffs' Complaint contains six counts.  Counts I, II, and III are against Defendants Corpodian and Newcoast Financial Services, LLC (collectively, "Defendants"), alleging violations of (1) the Florida Uniform Trade Secrets Act ("FUTSA") (Count III) and requesting injunctive relief thereunder (Count I), and (2) the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.* (Count II).  [*Id.* ¶¶ 37–72].  Counts IV, V, and VI are brought only against Corpodian,

2

alleging breach of fiduciary duty, conversion, and a violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. [*See id.* ¶¶ 73–88].

## II. LEGAL STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). Although this pleading standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

3

8(a)(2).  Rule 10(b) states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  The "self-evident" purpose of these rules is "to require the pleader to present his claims distinctly and succinctly, so that [] his adversary can discern what he is claiming and frame a responsive pleading."  *Weiland*, 792 F.3d at 1320 (citations omitted).  The key characteristic of a shotgun pleading is its failure to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

The *Weiland* Court identified four types of shotgun pleadings: the first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts[.]"  *Id.* at 1321.  The second type is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322.  The third type is a complaint that fails to separate each cause of action into a separate count.  *Id.* at 1322–23.  The fourth type is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.

### III.   DISCUSSION

Defendant Newcoast moves to dismiss Plaintiffs' claims against it under Fed. R. Civ. P. 12(b)(6) for failure to state claims.  [Mot. at 4–7].  Specifically, Newcoast argues Plaintiffs have failed to allege that any of their trade secrets were misappropriated by Newcoast and therefore cannot satisfy a claim of misappropriation under FUTSA and DTSA.  [*Id.*].  Counts I and III both allege violations of FUTSA, seeking different remedies based on the same underlying facts, while Count II alleges a violation of DTSA.  [*See* Compl. ¶¶ 37–47, 62–72].  Therefore, the Court will

4

analyze whether Plaintiffs have adequately stated a claim for both FUTSA counts under the same standard.  For the foregoing reasons, Newcoast's Motion to Dismiss is GRANTED.

**Shotgun Pleading**

To begin, Plaintiffs' Complaint fails to meet the basic standards for pleading under Rule 8 of the Federal Rules of Civil Procedure and is a shotgun pleading as defined by the Eleventh Circuit.  The Complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts[.]"  *Weiland*, 792 F.3d at 1321; [*see, e.g.*, Compl. ¶¶ 48 ("Plaintiffs incorporate the allegations set forth in paragraphs 1 through 47 as if fully set forth herein."), 62, 73, 77, 83].  This "lead[s] to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

This ambiguity presents an increased burden on Defendants, and the Court, in understanding the factual allegations underlying *each* claim, as it is unclear the precise factual basis for each count individually.  Because the Complaint contains multiple counts where each count adopts the allegations of the preceding counts, it is a "shotgun pleading" and must be dismissed.  However, this Court will analyze the Motion on the merits as well; as discussed below, Plaintiffs' Complaint insufficiently alleges violations of FUTSA and DTSA against Newcoast.

**Count I & III – Florida Uniform Trade Secrets Act**

Counts I and III are brought against Newcoast under FUTSA based on Newcoast's alleged retention and misappropriation of Plaintiffs' proprietary, confidential, and trade secret information, with Count I seeking injunctive relief for the alleged FUTSA violation.  Even taken as true, however, Plaintiffs' allegations as to Newcoast are so bereft of information that they cannot amount to misappropriation claims under FUTSA.

5

To state a claim under FUTSA, Plaintiffs must plausibly allege that: "(1) the [Plaintiffs] possessed secret information and took reasonable steps to protect its secrecy and (2) the secret was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." *Xtec, Inc. v. Hembree Consulting Servs., Inc.*, 183 F. Supp. 3d 1245, 1253 (S.D. Fla. 2016) (citing *Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd.*, No. 8:11-CV-1468-T-33TBM, 2013 WL 2712787, at *4 (M.D. Fla. June 12, 2013)).

Plaintiffs have failed to allege sufficient facts to establish that their "secrets" were misappropriated by Newcoast. The Complaint's *only* allegation against Newcoast is that it employed Corpodian, who previously worked for Plaintiffs. [*See generally* Compl.]. While Plaintiffs claim Newcoast had access to their trade secrets through Corpodian, they have not alleged how the purported trade secrets were specifically misappropriated. *See Agilysys, Inc. v. Hall*, 258 F. Supp. 3d 1331, 1346–47 (N.D. Ga. 2017) (dismissing a claim under a similar Georgia law where plaintiff made conclusory allegations about the defendant-employer's knowledge of the trade secrets, reasoning there were no specific facts to support plaintiff's allegations). Plaintiffs rely on allegations made "upon information and belief" that Newcoast used or benefitted from the alleged misappropriated information, but fail to provide concrete factual support for any of these allegations. [*See* Compl. ¶ 66]. Allegations based solely on "information and belief" are insufficient to withstand a motion to dismiss unless they are accompanied by supporting facts that make the claim plausible. *See Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.") (citations omitted).

Plaintiffs fail to allege when, how, or in what manner Newcoast used or disclosed the alleged trade secrets, and there are no factual allegations linking Newcoast's conduct to instances of misappropriation by Corpodian-- including the acquisition, use, or disclosure of the information. Such a failure to allege sufficient facts destroys any FUTSA claim. *See Johnson Matthey Process Techs., Inc. v. Hovey*, No. CV420-322, 2021 WL 5513988, at *5 (S.D. Ga. July 8, 2021) (holding, under a similar Georgia law that "the mere possession of a trade secret is inadequate to state a claim of threatened misappropriation.").

The only allegations against Newcoast are that Newcoast employed Corpodian after Plaintiffs terminated her. [*See generally* Compl.]. However, "[t]he trade secret statute does not prohibit a former employee with knowledge of trade secrets from going to work for a competitor. It prohibits only 'misappropriation' of trade secrets, which means the acquisition, disclosure, and/or use of the information to the disadvantage of the owner of the trade secret." *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 148 F. Supp 2d 1326, 1335 (S.D. Fla. 2001) (citations omitted). As discussed above, Plaintiffs have failed to allege facts to show that *Newcoast* misappropriated any of Plaintiffs' secrets, claiming only that Corpodian worked for Newcoast after her employment with the Plaintiffs. Such an allegation is insufficient to state a claim under FUTSA.

Additionally, Plaintiffs, in their Response, refer to information found on public websites and social media platforms to support their claims of misappropriation. [*See* Resp. at 4–5]. However, the Court is limited in its review to the four corners of the Complaint and cannot consider these extraneous materials. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss.").

Thus, the facts Plaintiffs present, taken as true, cannot amount to a finding that Newcoast misappropriated Plaintiffs' information.  Counts I & III against Newcoast are therefore **DISMISSED without prejudice**.

**Count II – Violations of the Defend Trade Secrets Act Under 18 U.S.C. § 1836**

Plaintiffs' next claim Newcoast violated DTSA, again based on its misappropriation of Plaintiffs' proprietary, confidential, and trade secret information.  Like Counts I & III, Count II against Newcoast fails to provide sufficient information to substantiate a claim of misappropriation under the DTSA.

To state a claim under DTSA, Plaintiffs must allege they "possessed information of independent economic value that (a) was lawfully owned by the plaintiff and (b) for which the plaintiff took reasonable measures to keep secret, and [] the defendant used and/or disclosed that information, despite [] a duty to maintain its secrecy." *Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1295 (S.D. Fla. 2018) (citations and quotations omitted).  For the same reasons discussed above, Plaintiffs' DTSA claim against Newcoast is deficient as pleaded.  Plaintiffs have not alleged facts to show misappropriation beyond the sheer possibility that Newcoast committed a wrongful act.  It is not enough to simply assume bad action by Newcoast.  *See Rovira v. Trattoria Romana, Inc.*, No. 23-CV-80916-AMC, 2024 WL 693063, at *2 (S.D. Fla. Jan. 26, 2024) ("Factually unsupported allegations . . . are not entitled to the assumption of truth.") (citations omitted).  Nothing in the Complaint alleges Newcoast used or disclosed any information that Corpodian took.  At most, Plaintiffs' allegations establish that Corpodian, who allegedly possessed the trade secrets, was later employed by Newcoast.  Again, Plaintiffs' *only* allegations against Newcoast are that Newcoast employed Corpodian after Plaintiffs terminated her.  [*See generally* Compl.].  This statement alone is insufficient to prove a DTSA claim because there's no allegation

Newcoast used or disclosed that information. *See Johnson Matthey*, 2021 WL 5513988, at *5 (citing *Del Monte*, 148 F. Supp. 2d at 1338) ("A plaintiff 'must show more than mere possession of a trade secret' by a former employee to plausibly allege misappropriation against the employee's new employer.").

Thus, the facts as pleaded, taken as true, cannot amount to a finding that Newcoast misappropriated any of Plaintiffs' information. Count II against Newcoast is therefore **DISMISSED without prejudice**.

### IV.   CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiffs' Complaint [**ECF No. 52**] is **GRANTED**.

2. Plaintiffs' Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE as to Defendant Newcoast Financial Services, LLC**.

3. If Plaintiffs wish to file an Amended Complaint consistent with this Order, they must do so pursuant to Fed. R. Civ. P. 15(a)(2) and file a Motion for Leave to File an Amended Complaint with a copy of the Amended Complaint attached **no later than October 25, 2024.**

**DONE AND ORDERED** in the Southern District of Florida on October 7, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record